1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10

11

RONDA L. FACKLAM,

Case No. ED CV 15-01973 AFM

12

Plaintiff,

13

v.

**MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF COMMISSIONER**

14

CAROLYN W. COLVIN, Acting

15

Commissioner of Social Security,

16

Defendant.

17

18

On March 22, 2012, Plaintiff Ronda L. Facklam applied for Disability

19

Insurance Benefits and Supplemental Security Income.  (AR 15, 181, 199.)  After

20

her applications were denied initially and upon reconsideration, Plaintiff requested

21

a hearing before an Administrative Law Judge ("ALJ"). A hearing was held on

22

August 13, 2014, at which Plaintiff testified with representation by an attorney.

23

(AR 35-59.)  On October 20, 2014, the ALJ issued an unfavorable decision.  (AR

24

15-30.)  Plaintiff requested review of the ALJ's decision by the Appeals Council.

25

(AR 9.)  After the Appeals Council declined review (AR 1-6), Plaintiff commenced

26

this action.

27

In accordance with the Court's Order Regarding Further Proceedings,

28

Plaintiff filed a memorandum in support of the complaint on July 29, 2016 ("Pl.

Mem."); the Commissioner filed a memorandum in support of her answer on August 29, 2016 ("Def. Mem.").  No reply was filed.  The sole disputed issue in Plaintiff's memorandum is whether the ALJ made a proper adverse credibility determination with respect to Plaintiff's testimony:  "[T]he ALJ's decision must be reversed because it lacks the support of substantial evidence and is a result of legal error.  Specifically the ALJ failed to articulate sufficient reasons to find Ms. Facklam not credible.  (Pl. Mem. at 3 (case citation omitted).)  This matter now is ready for decision, and the Court rules as follows with respect to the disputed issue.[1]

An ALJ's assessment of pain severity and claimant credibility is entitled to "great weight."  *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989); *Nyman v. Heckler*, 779 F.2d 528, 531 (9th Cir. 1986).  Where the claimant has produced objective medical evidence of an impairment which could reasonably be expected to produce some degree of pain and/or other symptoms, and the record is devoid of any affirmative evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of the claimant's pain and/or other symptoms only if the ALJ makes specific findings stating clear and convincing reasons for doing so.  *See Cotton v. Bowen*, 799 F.2d 1403, 1407 (9th Cir. 1986); *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993); *Bunnell v. Sullivan*, 947 F.2d 341, 343 (9th Cir. 1991) (en banc).  An ALJ may consider a variety of factors ordinarily used in assessing credibility.  *See Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002).  As the Ninth Circuit stated in *Light v. Soc. Sec. Admin*, 119 F.3d 789, 792 (9th Cir. 1997), "the ALJ may consider [the claimant's] reputation for truthfulness, inconsistencies either in [the

---

[1]     The decision in this case is being made on the basis of the pleadings, the administrative record ("AR"), and the memoranda filed by the parties in support of their pleadings.

claimant's] testimony or between [the claimant's] testimony and his conduct, [the claimant's] daily activities, [the claimant's] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which he complains."

Here, the ALJ provided several reasons for discounting Plaintiff's testimony. One reason was the inconsistencies between Plaintiff's testimony about her daily activities and what she stated to a doctor about those activities.  As summarized by the ALJ, Plaintiff "testified she is unable to work due to neck pain, back pain, and carpal tunnel syndrome. . . .  She claimed that she has pain when performing activities of daily living such as sweeping, vacuuming and opening the door.  She contended that her symptoms are exacerbated by overuse. . . .  She stated that she has to force herself to get out of bed. . . .  She reported that she had difficulty sleeping."  (AR 25.)   However, during a physical consultative examination performed by Dr. Glenn Kunsman, Plaintiff painted a different picture of her ability to perform "activities of daily living": "[Plaintiff] denies significant impact on activities of daily living.  [Plaintiff] is able to complete self- care activities including meals, hygiene, and housework.  [Plaintiff] is able to ambulate without significant limitations throughout the day.  [Plaintiff] is not confined to bed, and gets adequate sleep."  (AR 350, noted by ALJ at AR 28.)  Consideration of such inconsistent statements is a common tool for evaluating credibility and provides a valid reason for an adverse credibility finding.  *See Thomas*, 278 F.3d at 959; *Light* 119 F.3d at 792.  The Court finds the inconsistencies between these statements to be of particular importance because they go to key aspects of what Plaintiff claims she can and cannot do as a result of her pain.  And while Plaintiff cites to another physician report where she apparently described more significant interference with her daily life (Pl. Mem. at 9, citing AR 344-45), this does not eliminate the inconsistent statements to Dr. Kunsman and their impact on her credibility.

A second reason set out by the ALJ was the conservative treatment plaintiff received.  The ALJ noted that Plaintiff had received various pain medication prescriptions.  (AR 26.)  Plaintiff, on the other hand, cites to evidence that she was told surgery, epidurals and physical therapy would not help her.   (AR 328.)  Overall, the Court finds that this reason, while potentially probative on the issue of credibility (*see Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989)), is not a clear and convincing reason here given the ALJ's minimal discussion of this factor and the limited evidence referenced in the decision on this point.  The ALJ also fails to cite medical opinions that concluded Plaintiff's symptoms were out of proportion to her treatment regimen, and it instead appears that the ALJ simply reached a lay conclusion that the treatment was "conservative."  *See generally Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975) (ALJ is not qualified as a medical expert).

A third reason — raised by the Commissioner as a basis for the ALJ's credibility determination — is that Plaintiff was not credible in light of the opinions given by medical professionals.  Although the ALJ included a discussion of various medical opinions in support of her RFC finding, the Court does not read that discussion as presenting a sufficient ground for discounting Plaintiff's credibility.  The decision does not indicate how certain medical opinions lessen the credibility of particular aspects of Plaintiff's testimony and thus does not provide the necessary specificity for a valid basis for the credibility finding.  An ALJ's findings "'must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain.'"  *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (quoting *Bunnell*, 947 F.2d at 345-46).  A reviewing court should not have to speculate regarding the ALJ's grounds for rejecting a claimant's subjective symptom testimony, *Bunnell*, 947 F.2d at 346, and

1    "implicit" findings that a claimant's testimony in not credible are insufficient.

2    *Albalos v. Sullivan*, 907 F.2d 871, 874 (9th Cir. 1990).

3          As a final reason, the ALJ pointed out how Plaintiff's subjective symptom

4    testimony was not supported by the objective medical evidence of record.

5    Although this may not be the *sole* reason to support an adverse credibility finding,

6    "it is a factor that the ALJ can consider in [her] credibility analysis." *Burch v.*

7    *Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005); *see also Molina v. Astrue*, 674 F.3d

8    1104, 1113  (9th Cir. 2012) (ALJ properly rejected claimant's testimony in part

9    because it was inconsistent with medical evidence in the record); *Morgan v.*

10   *Commissioner of Social Sec. Admin.,* 169 F.3d 595, 600 (9th Cir. 1999) (ALJ may

11   properly consider conflict between claimant's testimony of subjective complaints

12   and objective medical evidence in the record); *Tidwell v. Apfel*, 161 F.3d 599, 602

13   (9th Cir. 1998) (ALJ may properly rely on weak objective support for the

14   claimant's subjective complaints); *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir.

15   1995) (ALJ may properly rely on lack of objective evidence to support claimant's

16   subjective complaints).  In the present case, the ALJ's assessment of the objective

17   medical evidence was not error as part of the adverse credibility determination.

18   The Court has reviewed the ALJ's discussion of the objective evidence and finds

19   that it is specific and supported by substantial evidence in the record.

20

21                         *******************

22

23          In conclusion, the Court finds that the ALJ's adverse credibility

24   determination set forth clear and convincing reasons and was supported by

25   substantial evidence.  Although two of the alleged reasons were insufficient, the

26   Court has nevertheless found that Plaintiff's inconsistent statements about her daily

27   activities and the lack of objective medical support for her subjective symptoms are

28   specific, clear and convincing reasons supported by substantial evidence.

1    IT THEREFORE IS ORDERED that Judgment be entered affirming the

2    decision of the Commissioner.

3

4    DATED:  October 12, 2016

5

6    _____

7    ALEXANDER F. MacKINNON
     UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6